IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-25-CV-46-KC |
| | § | |
| ANGEL GARITE, et al. | § | |
| | § | |
| Respondents. | § | |
| | § | |

## SHOW CAUSE ORDER

On this day, the Court considered John Doe's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Request for Order to Show Cause ("Petition"), ECF No. 1.

Doe alleges that he fled Venezuela in November 2023 to seek asylum due to its "deteriorating humanitarian and political situation."  Pet. ¶ 1.  After an immigration officer made a negative credible fear determination, authorities detained Doe on November 24, 2023.  *Id.* ¶¶ 1, 18.  On December 20, 2023, an immigration judge also found that Doe lacked a credible fear of persecution in Venezuela and ordered his expedited removal.  *Id.* ¶ 18.  Doe has remained in custody since that time.  He is currently detained at the El Paso Service Processing Center ("EPSPC") in El Paso, Texas.  *Id.* ¶ 21, 23.  He contends that the EPSPC is a "staging facility for transfers to the U.S. Naval Base on Guantanamo Bay," *id.* ¶ 23, which he argues demonstrates that his removal to Venezuela is not "significantly likely in the reasonably foreseeable future." *Id.* ¶¶ 25, 38, 43.

Doe challenges his protracted, indefinite detention under the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause.  *Id.* ¶ 2.  He seeks a writ of habeas corpus under 28 U.S.C. § 2241, requesting release under reasonable conditions of supervision.  *Id.* ¶ 3;

*see Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("[An] alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention."). Doe further asks the Court to require Respondents to "show cause why the writ should not be granted" within three days, citing 28 U.S.C. § 2243. *Id.* ¶ 4.

Indeed, § 2243 states that once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Doe the relief he seeks. However, to give Respondents adequate time to brief the issues, the Court exercises its discretion under Habeas Rule 4 to extend the response deadline to two weeks.

Accordingly, the Court **ORDERS** that the Clerk of the Court shall serve copies of the Petition and this Order upon all Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>**no later than March 7, 2025**</u>, why the application for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that in their Show Cause Response, Respondents shall inform the Court whether they oppose Petitioner John Doe's Motion to Proceed Under Pseudonym, ECF No. 2, and Motion for Leave to File Sealed Documents, ECF No. 3, and, if so, explain the basis for their opposition.

**IT IS FURTHER ORDERED** that Petitioner may file a reply in support of his Petition by <u>**no later than March 17, 2025**</u>.

**SO ORDERED**.

**SIGNED this 21st day of February, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE